WEINBERG v. COPENHAFER.

ACCOUNTING—FARM TENANCY—MILCH CATTLE—EVIDENCE.
Decree equally dividing milk-check proceeds between plaintiff
landlord and defendant farm tenant and giving defendant
credit for 1/2 the value of the 3 cows which he had con-
tributed in excess of the number plaintiff had contributed is
affirmed without modification, in the absence of proof show-
ing the cost of feed for the period covered.

Appeal from Kalamazoo; Sweet (Lucien F.), J.
Submitted April 2, 1957. (Docket No. 13, Calendar
No. 45,749.) Decided May 17, 1957.

Bill by Lloyd Weinberg against Westley Copen-
hafer for accounting in connection with farm opera-
tion. Decree for plaintiff. Defendant appeals.
Affirmed.

*Lloyd R. Fayling,* for plaintiff.

*James Thomas Sloan, Sr.,* and *James Thomas
Sloan, Jr.,* for defendant.

BLACK, J. This is a suit for an accounting, arising
out of an oral agreement between the plaintiff land-
lord and the defendant tenant, of the landlord's
share of profits said to have been realized from
maintenance by the parties of a herd of cattle on
the demised farm property. The chancellor found

---

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1163 *et seq.*

that the agreed arrangement between the parties "was the usual landlord-farm-tenant arrangement on a 50-50 basis;" that shortly after the tenancy was created, plaintiff furnished 5 cows and defendant furnished 8 cows to make up a herd to be treated "as the joint property of the 2 parties;" that additions were made to the herd and, when such additions were made, each of the parties contributed 1/2 of the cost thereof; that "nothing was ever done to equalize the original contributions made by the parties;" that "upon termination of their relationship the herd was divided equally;" that the parties settled everything between themselves at such termination with exception of rights in and to the total milk-check proceeds realized between September 1, 1946, and March 1, 1948, and that the amount of such proceeds was the sum of $2,880.43.

Plaintiff seeks a money decree for 1/2 the amount of such proceeds, whereas defendant, recognizing plaintiff's basic right to such determined half, insists that he is entitled, on striking a balance of just demands, to credit for the cost of feeding 1/2 the number of cattle plaintiff "did not furnish." Judge Sweet settled the issues before him by determining the value of the 3 "extra cows" to be the sum of $750; by determining that defendant was entitled to credit for 1/2 such determined value ($375), and by determining that the plaintiff should have a decree against defendant in the amount of $1,065.20, calculated by deducting the item of $375 from the agreed half of such proceeds ($1,440.20).

Defendant appeals and presents factual contentions only, addressed to the general equity of the case. His brief specifies nothing in the way of "Relief" (required by Court Rule No 67, § 4 [1945]) and we are left in the dark with respect to nature of the decree he would have us enter in the place and stead of that which the chancellor signed. Further-

more, and as held below, the record contains no evidence on which we might enter a new or variant decree. Judge Sweet, dictating his opinion from the bench, said:

"That according to his figures would amount to $1,144.41, but the defendant overlooks the fact that notwithstanding the plaintiff received the income of 1–1/2 more cows than he contributed, the plaintiff also fed throughout the years 1–1/2 more cows than he contributed and the court has no figure whatever as to what the cost of the feed would be, and that is the reason that the court, after the closing of proofs, interrogated each party in this regard. If this court knew, or from the evidence could determine what it cost the plaintiff to feed the 1–1/2 extra cows, and if that item was less than $1,144.41, this court would be inclined to find that the defendant was entitled to the difference; but it is impossible for this court to make such a determination. Consequently, the only thing this court can do under the record is to determine the value of the 3 cows furnished by the defendant at the outset in excess of the number of cows furnished by the plaintiff, and charge the plaintiff with 1/2 of such value."

We find no reason, either in record or brief, for disturbing the decree which was entered on such finding and ruling. It is therefore affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.